## Gatlin, et al. v. Allen, et al.

(Decided February 23, 1917.)

### Appeal from Hopkins Circuit Court.

Deeds—Action to Cancel Deed—Fraud or Undue Influence.—The burden of proving fraud or undue influence in the execution of a deed is, ordinarily, upon the person alleging such fraud or undue influence. But as the law regards with suspicion transfers of property by persons mentally or physically infirm, made to those having custody of them or their property, where such fraud or undue influence, from the beneficiary or confidential relation of the parties, is charged; the burden is on the person against whom the complaint is made, to show the fairness of the transaction. That burden, however, the latter may be said to have fairly discharged where he shows, by the weight of the evidence, that the conveyance was in pursuance of a purpose formed and proclaimed by the grantor ten or more years previously, at a time when no doubt existed as to his mental competency, and such purpose was repeatedly declared by the grantor down to the time of the conveyance, and the conveyance itself was unattended by any circumstance that would seem to indicate either fraud or undue influence.

LAFFOON & WADDILL and H. F. S. BAILEY for appellants.

GORDON, GORDON & COX for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

R. A. Allen, at the time a resident of Hopkins county, died March 29th, 1913, intestate. The death of

his wife had occurred about two years previously. R. A. Allen was survived by the following named children: A daughter, Mrs. Mollie Gatlin, wife of W. E. Gatlin; and three sons, Ampudia, Henry and Alva Allen; also the following grandchildren, viz.: M. F. Franklin, K. O. Wright, Leo Ladd, Robt. Ladd and Hazel Ladd. The grandchildren were born to his daughter, Eliza Ladd, who died in 1906. Of these grandchildren, M. F. Franklin and Leo Ladd are infants over fourteen years of age; Hazel Ladd and Robert Ladd infants under fourteen years of age.

The decedent, R. A. Allen, owned no real estate at the time of his death and the personal estate owned by him did not exceed in value $300.00. However, on and prior to September 2nd, 1911, he was the owner of a tract of land containing about 100 acres lying on Pond river in Hopkins county, which, on that date, September 2nd, 1911, he, by deed, conveyed to his three sons, Ampudia Allen, Henry Allen and Alva Allen, the consideration expressed in the deed being the undertaking of the grantees to pay to the grantor's daughter, Mollie Gatlin, the sum of $200.00 and a like sum to the children of his daughter, Eliza Ladd, deceased. After retaining possession of the deed for eleven months the grantor delivered it to his sons and the latter, by his direction, shortly thereafter, had it put to record in the proper office. September 2nd, 1913, the appellants, Mollie Gatlin and such of the children of Eliza Allen as were over fourteen years of age, together with the husbands of such of the females as were married, and the guardians of such of the infants as were over fourteen years of age, brought this action in equity against the appellees, Ampudia Allen, Henry Allen, Alva Allen, their wives respectively, the infant children of Eliza Ladd that were under fourteen years of age and their statutory guardian, to set aside and cancel the deed of September 2nd, 1911, made by the decedent, R. A. Allen, to his three sons, upon the grounds that the grantor, R. A. Allen, was at the time mentally incapable of making the deed or understanding the transaction, and that its execution was procured by fraud and undue influence practiced and exercised upon him by his three sons, Ampudia, Henry and Alva Allen. The joint and separate answer of the latter and their wives traversed the allegations of the petition.

By agreement of the parties, appearing of record, the case was heard and determined by the circuit court

upon the oral testimony of the witnesses. The trial resulted in a judgment dismissing the appellant's petition and awarding appellee their costs, and from this judgment the former have appealed.

We find from an examination of the bill of evidence that sixteen witnesses were introduced in behalf of the appellants and thirty-one in behalf of the appellees. Perhaps the majority of these witnesses were related to the parties to the action and practically all of them reside in the neighborhood where the decedent, R. A. Allen, lived and died, and by reason thereof were afforded every opportunity to become acquainted with him, his physical and mental condition.

The evidence tends to prove that, though more than eighty years of age when he executed the deed, the grantor, R. A. Allen, was a man of average physical and mental vigor. Subsequently, however, he became afflicted with a cancer and suffered slight attacks of paralysis. The paralysis soon passed away, but the cancer finally caused his death. The evidence is conflicting as to the condition of his mind at the time the deed was executed, but the weight of it was to the effect that he was then possessed of sufficient mind and capacity to understand the transaction, know what estate he possessed, the objects of his bounty, what disposition he desired to make of his property and to make a rational disposition thereof. The three sons lived all their lives on the land conveyed them. They had all ministered to their father's wants and for several years prior to his death he was very dependant, and in constant need of their assistance, which was freely given him. There was no proof whatever of any attempt on the part of the grantees or any of them to influence their father, either in the matter of the making of the deed or otherwise. The plaintiff, Mrs. Gatlin, and one other witness testified that the grantees, about two years before the old man's death, procured the services of a surveyor to run off and divide between them the land conveyed by the deed; and that when Mrs. Gatlin objected to the surveying and division, the work was suspended. But we fail to see in this transaction anything more than that her interference caused her father discomfort and led to the dismissal of the surveyor by the sons. He then expressed no purpose to forego his intention of conveying the land to the sons.

According to the testimony of numerous witnesses, the grantor as far back as twelve or more years before his death, expressed the intention of giving his land to his three sons, and this purpose he continued to express down to the time of the execution of the deed, and until his death. There was no proof whatever that the sons were heard to advise or ask him to convey them the land, and it was testified by the draftsman of the deed that when he wrote the deed it was at the grantor's request and none of the sons were present, and that the grantor was then possessed of sufficient mind to understand the transaction and to direct how the deed should be made. However, the most significant thing developed by the evidence was the fact that twelve years before his death and ten years before the execution of the deed to his sons, R. A. Allen caused to be written a will, whereby he devised to them the same land later conveyed them by the deed. It is not claimed by appellants, nor testified by any of their witnesses, that he was then incompetent. He was then, admittedly, in possession of his mental faculties and in vigorous health. This fixed purpose the intervening years did not change; and the making of the deed to the sons later, resulted, according to the evidence, from the old man's desire to put them in possession of the land before his death.

The foregoing facts and circumstances were, in the opinion of the circuit court, sufficient to free the conveyance from any suspicion of fraud or undue influence, and establish its validity. The law regards with suspicion transfers of property by persons mentally or physically infirm, procured by those having custody of them; and for this reason, though, ordinarily, the burden of proving fraud or undue influence is on the person alleging it, where either fraud or undue influence, from the beneficiary or confidential relation of the parties, is charged, the burden is on the person against whom the complaint is made, to show the fairness of the transaction. King, &c. v. Burkhart, &c., 167 Ky. 424; Miller v. Taylor, &c., 165 Ky. 463; McDowell v. Edwards' Admr., 156 Ky. 479. That burden seems to have been fully discharged by appellees in this case, as they have, we think, shown by the weight of the evidence that the conveyance from their father to them was unattended by any of the circumstances that would seem to indicate either fraud or undue influence.

We will not prolong the opinion by pointing out the incompetent evidence contained in the record, equally furnished by the parties. Such incompetent evidence might have been prejudicial to the rights of the parties had there been a trial by jury, but as the evidence was heard and passed on by the court, it is but fair to assume that such of it as was incompetent was disregarded. At any rate, we are convinced that the judgment is supported by the weight of the competent evidence appearing in the record.

Judgment affirmed.